**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARBARA SUZANNE TYSON,

Plaintiff - Appellant,

v.

YOUTH VENTURES, L.L.C.,
REBECCA CRYDERMAN, MARIE
FRANCE KORNEGAY, SARAH
OWENS, VICKIE EDWARDS,
CONSUELA WILLIAMS,
KATHLEEN VILLALOVOS,
BEVERLEY LOPEZ, ADRIENNE
PALAZZOLA, SUSAN FORT,
BONNIE McQUARTERS, and EL
PASO COUNTY DEPARTMENT OF
HUMAN SERVICES,

Defendants - Appellees.

No. 02-1101

(D.C. No. 01-Z-2517)

(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **HARTZ** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Pro se* Plaintiff Barbara Suzanne Tyson is an inmate at the Dwight, Illinois, Correctional Center. On December 28, 2001, Plaintiff filed in the District of Colorado a complaint against Defendants, as well as an application to proceed *in forma pauperis*. That same day, the court directed the clerk of the court to commence a civil action, but also ordered that the complaint be dismissed if Plaintiff did not cure a number of designated deficiencies in her pleadings within 30 days.

Plaintiff submitted her amended pleadings on January 28, 2002. Her attempt to cure the enumerated deficiencies was nearly successful, but her submitted copy of her trust fund account statement was not certified by the proper prison official. *See* 28 U.S.C. § 1915(a)(2) (requiring that a prisoner's application to proceed *in forma pauperis* in a civil action include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined"). Because Plaintiff failed to cure all the deficiencies

listed in the December 28 order, the district court entered an order on February 7, 2002, dismissing, without prejudice, both her complaint and action.

Plaintiff has applied to proceed *in forma pauperis* on appeal. The application submitted to this court includes all documents required by 28 U.S.C. § 1915, including a properly certified copy of Plaintiff's trust fund account statement. Because her application is complete, we grant Plaintiff leave to proceed *in forma pauperis*.

The substance of Plaintiff's appeal, however, must fail. She seeks reversal of the district court dismissal of her complaint and action. But her failure to comply in district court with the requirements of § 1915 justifies dismissal.

Plaintiff seems to be confused about the meaning of "institutional equivalent" in the phrase "certified copy of the trust fund account statement (or institutional equivalent)." 28 U.S.C. § 1915(a)(2). The statute is not referring to the institutional equivalent of a certification but to the institutional equivalent of a trust fund account statement. For example, if the institution keeps track of a prisoner's funds by means of a document that is not called a "trust fund account statement" but has the same function, the prisoner must submit a certified copy of the document that is the institutional equivalent of a trust fund account statement. Plaintiff's pleadings, however, suggest that she thinks she has been submitting the "institutional equivalent" of a certified copy. For example, in her Petition for

Leave to Appeal, Plaintiff states that "she did obtain from prison authority an institutional equivalent copy of the past 6 month of her trust fund account from Amy Jensen at Dwight Correctional Center . . . ." In the district court, Plaintiff filed an objection to the order of dismissal, stating that "the trust fund account statement was printed to this Court and processed by Amy Jensen, Trust Fund Accountant, at Dwight Correctional Center, and reflects an accurate statement for the past 6 months and can be verified at [telephone number] by TRUST FUND DEPARTMENT, which is the institutional equivalent." Finally, in her first attempted *in forma pauperis* application to this court, Plaintiff asserted that

> Plaintiff deposited on January 18, 2002 in the U.S. Mail to prison authority Beatrice Stanley her Prisoner's Civil Rights Complaint and Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. 1915 and attached an institutional equivalent 6 month trust fund account statement to be copied (13 additional) to satisfy and cure the deficiency order designated on December 28, 200[1] by Magistrate Judge Craig B. Shaffer.

Plaintiff has failed to understand that there is no substitute for a certified copy. Whether Plaintiff submits a copy of the trust fund account statement or a copy of the institutional equivalent of a trust fund account statement, either copy must be *certified*.

In the district court, Plaintiff submitted a copy of her trust fund account statement. It failed to pass muster under § 1915(a)(2) because it was not certified. The fact that Plaintiff presents a certified copy here does not cure her failure in the

-4-

district court. Because the district court was presented with an incomplete *in forma pauperis* application, we must affirm the dismissal of Plaintiff's complaint and action. We wish to make clear to Plaintiff that the district court denied her original complaint and motion for *in forma pauperis* status without prejudice. This means that she may refile her complaint and motion for *in forma pauperis* status with the district court. If she does so, and provided she meets all the procedural and jurisdictional requirements, the district court will then be in a position to consider the claim on the merits.

We GRANT Plaintiff leave to proceed *in forma pauperis*, and AFFIRM the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge